## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LINK BALTIMORE,<br><br>                Plaintiff,<br><br>     v.<br><br>HESS CORPORATION, HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP. and VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORP.,<br><br>                Defendants. | CASE NO. 1:21-cv-209<br><br>JURY TRIAL DEMANDED |

## HESS'S ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant Hess Corporation ("Hess"), by and through its undersigned counsel, and serves its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, in correspondingly numbered paragraphs as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

2.      The allegation is not applicable to this Defendant and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

3.      Defendant admits that, at all times material hereto, Hess Oil Virgin Islands Corp. was a corporation organized under the laws of the United States Virgin Islands and did business in the United States Virgin Islands. On May 22, 2020, Hess Oil Virgin Islands Corp. merged with and into Hess Oil New York Corp., a New York Corporation. Defendant denies the remaining allegations.

4.      Admit.

5.      The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

6.      The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

## FACTUAL ALLEGATIONS RE: THE PLAINTIFF

7.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

8.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

10.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

11.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

12.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

13.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

14.      These allegations call for a medical opinion as to which Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

15.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

16.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

17.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

18.     These allegations call for a medical opinion as to which Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

19.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

## FACTUAL ALLEGATIONS RE: THE OIL REFINERY

20.     Defendant admits that HOVIC owned and operated an oil refinery on the south shore of St. Croix from its construction in 1965 until October 1998 (the "HOVIC refinery").  Defendant denies the remaining allegations as stated.

21.     Defendant admits that HOVIC owned and operated an oil refinery on the south shore of St. Croix from its construction in 1965 until October 1998.

22.     Defendant admits that HOVIC owned and operated an oil refinery on the south shore of St. Croix from its construction in 1965 until October 1998 and during that time HOVIC was a wholly owned subsidiary of Hess.  Defendant denies the remaining allegations as stated.

23.     Denied as stated.

24.     Denied as stated.

25.     Denied as stated.

26.     Denied as stated.

27.     Denied as stated.

28.     Denied.

29.     The allegation calls for a medical conclusion to which no response is required. Accordingly, Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

30.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

31.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

32.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

33.     Denied as stated.

34.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

35.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

36.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

37.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations as stated and therefore denies same.

38.     The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

39.     The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

40.     The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

41.     The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

42.     The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

## CAUSES OF ACTION AGAINST HESS CORP. [sic]

### Count 1 – Negligent Undertaking

43.     Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

44.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

### Count 2 – Chattel Know to be Dangerous for Intended Use

54.     Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

55.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

### Count 3 – Chattel Unlikely to be Made Safe for Use

63.     Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

64.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Defendant lacks knowledge and information sufficient to form a belief as to the

allegations and therefore denies same.

70.     The allegations call for a legal conclusion to which no response is required.  To

the extent that a response is required, the allegations are denied.

### Count 4 – Chattel for Use by Person Known to be Incompetent

71.     Defendant restates and incorporates its answers to all preceding paragraphs as

though fully set forth therein.

72.     The allegations call for a legal conclusion to which no response is required.  To

the extent that a response is required, the allegations are denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     The allegations call for a legal conclusion to which no response is required.  To

the extent that a response is required, the allegations are denied.

### Count 5 – Chattel Used to Supplier's Business Purpose

78.     Defendant restates and incorporates its answers to all preceding paragraphs as

though fully set forth therein.

79.     The allegation calls for a legal conclusion to which no response is required.  To

the extent that a response is required, the allegation is denied.

80.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, Defendant admits that HOVIC was a wholly owned subsidiary of Hess and deny any other implication alleged.

81.    Denied as stated.

82.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied.

83.    Denied.

84.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied as stated.

85.    Denied.

86.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

87.    Denied.

88.    Denied.

89.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied.

90.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.


## CAUSES OF ACTION AGAINST HESS OIL NEW YORK CORP.
## (AS SUCCESSOR BY MERGER TO HOVIC)

### Count 6 – Premises Liability

91.    Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

92.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

93.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.  Defendant admits that HOVIC owned and operated an oil refinery on the south shore of St. Croix from its construction in 1965 until October 1998, but deny the remainder of the allegations.

94.     Denied as stated.

95.     Denied.

96.     Denied.

97.     Denied.

98.     The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

99.     The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

100.    Denied.

101.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

## CAUSE OF ACTION AGAINST HESS OIL NEW YORK CORP.
## (AS SUCCESSFUL BY MERGER TO HOVIC) AND
## VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORP.

### Count 7 – Chattel Known to be Dangerous for Intended Use

102.    Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

103.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

104.    As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

105.    As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

106.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

107.    As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

108.    As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

109.    As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

110.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

## Count 8 – Chattel Unlikely to be Made Safe for Use

111. Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

112. The allegation calls for a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

113. As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

114. As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

115. As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

116. Denied.

117. Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

118. The allegations call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## Count 9 – Chattel for Use by Person Known to be Incompetent

119. Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

120.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

121.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

122.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

123.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

124.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

125.     The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

**Count 10 – Chattel Used to Supplier's Business Purpose**

126.     Defendant restates and incorporates its answers to all preceding paragraphs as though fully set forth therein.

127.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

128.     The allegation calls for and/or implicates a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

129.     Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

130.     Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

131.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

132.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations and therefore denies same.

133.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

134.     As to Defendant HOVIC, denied. As to Defendant IMC, the allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

135.     Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

136.     The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

## NOTICE OF PUNITIVE DAMAGES

137.     The allegation requires no response.  To the extent that a response is required, the Defendant admits Plaintiff is seeking punitive damages, but deny punitive damages are recoverable.

138.     As to Hess and HOVIC, denied. As to Defendant IMC, the allegation is not

applicable to this Defendant and, therefore, no response is required.  To the extent that a

response is required, the allegation is denied.

139.     Denied.

## JURY TRIAL DEMANDED

140.     The allegation requires no response.  To the extent that a response is required, the

Defendant admits Plaintiff has requested a jury trial.

## ADDITIONAL DENIALS

1.     Defendant denies each and every allegation in Plaintiff's Amended Complaint not

heretofore expressly admitted or otherwise pleaded to in response.

2.     Defendant denies they are liable for any act or omission of any kind or nature

whatsoever that would warrant the imposition of damages against it, as alleged, or at all.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief may be granted.

2.     Process and or service of process was insufficient and/or defective.

3.     Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

4.     Plaintiff's claims are barred by the doctrine of laches.

5.     Plaintiff may be a party to an arbitration agreement that requires Plaintiff to

arbitrate these claims.

6.     Plaintiff's illnesses, if any, which are denied, are not the result of any acts or

omissions committed by this Defendant, but of acts or omissions by named and unnamed

parties over whom this Defendant exercised no dominion or control.

7.     Plaintiff's claims against this Defendant are barred by the doctrines of superseding and intervening negligence by third parties.

8.     To the extent any alleged damages are proximately caused and/or contributed to by persons other than the Defendant(s), the liabilities of all responsible persons, whether named and/or unnamed, should be apportioned according to their relative degrees of fault and the liability of the Defendant(s), if any, should be reduced accordingly.

9.     Plaintiff's claims are barred because Plaintiff knowingly assumed the risk of any alleged use of, or exposure to, asbestos, catalyst, silica or other dusts.

10.    Plaintiff's claims are barred because any alleged danger or injury due to exposure to catalyst, asbestos, silica and/or other dusts was an open and obvious danger over which this Defendant had no control, and consequently Defendant owed no duty to Plaintiff.

11.    Plaintiff's own misconduct and lack of personal health care were the substantial, effective, intervening and superseding causes of the alleged injuries and alleged damages complained of, which may have included Plaintiff smoking.

12.    Even if Plaintiff was exposed to, or came into contact with, any allegedly toxic substances, which Defendant denies, the level of such contact or exposure at the HOVIC refinery, if any, which is denied, was insignificant as a cause of Plaintiff's alleged illnesses, and this Defendant is not liable.

13.    Plaintiff's cause may be barred by the exclusivity provisions of the Longshoremen and Harborworker's Compensation Act and/or the Virgin Islands Workers Compensation Act.

14.    Hess did not possess or exercise control over the alleged work sites at the HOVIC refinery where Plaintiff was allegedly exposed to catalyst, asbestos, and/or silica.

15.     The Complaint fails to allege a claim for which punitive damages can be recovered.

16.     Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

17.     The claim of Plaintiff for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Virgin Islands law without bifurcating the trial of all punitive damages issues would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Revised Organic Act of the Virgin Islands.

18.     The claim of Plaintiff for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Virgin Islands law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

19.     The claim of Plaintiff for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Virgin Islands law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3)

is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not state with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Revised Organic Act of the Virgin Islands for due process, equal protection and guaranty against double jeopardy.

20.     The claim of Plaintiff for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Virgin Islands law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Virgin Islands law would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

21.     Any award of punitive damages based on anything other than this Defendant's conduct in connection with the specific allegations that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Revised Organic Act of the Virgin Islands provisions providing for due process and guaranty against double jeopardy because any other

judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong.

22.     The plaintiff's claims are barred or, in the alternative, the damages to which Plaintiff is entitled must be reduced pursuant to the Doctrine of Comparative Negligence.

23.     Defendant is not responsible for the actions of Plaintiff's employers or any known or unknown third parties, as they were independent contractors or product suppliers at the time of the alleged events.

24.     Plaintiff's claims are barred as to this Defendant due to the state of the art of medical, scientific, and industrial knowledge at the time of the alleged exposure.

25.     At all times material thereto, the state of the medical and industrial art was such that only manufacturers would have known of any unsafe or inherently dangerous or hazardous character or nature of any products and failed to properly warn of the dangers of these products, if any.

26.     The contractors who were Plaintiff's employers may have known of the health hazards associated with any products and should have acted in a prudent fashion with respect to the protection of their own employees whom the contractors chose to work on HOVIC's premises.

27.     If Plaintiff has any illness, which is specifically denied, it is not related to toxic exposure, which was not the proximate cause of any illness, loss or injury of the Plaintiff in conjunction with any employment he may have had on HOVIC's premises, and that any alleged injury or illness resulted from exposure to toxic or hazardous substances at other locations other than at the HOVIC refinery in St. Croix.

28.     The misuse or improper use of the products by the Plaintiff entrusted to him was the sole proximate cause or substantially contributing cause of the Plaintiff's alleged illness and injuries, if any, which are denied.

29.     Plaintiff may have been negligent in the performance of Plaintiff's duties so that such negligence was the sole proximate cause of any loss or damage alleged in the Complaint and, if not the sole cause, was a contributing cause to such a degree as to bar or diminish Plaintiff's recovery against this Defendant pursuant to provisions of 5 V.I.C. §1451 et seq.

30.     Defendant had no control over the specific working conditions, method of fabrication, and other factors pertaining to the use of the products described in the Complaint alleged to be harmful to the Plaintiff and each of the Plaintiff's own employers, at all times, were responsible for the Plaintiff's working conditions, methods of application and other use or misuse of the products, all without the fault of the Defendant.

31.     Plaintiff, in a prior action, may have released the Defendant from all past and future claims.

32.     Defendant does not have liability for the acts, errors or omissions, if any, which is denied, attributable to other parties or entities, including each other.

33.     Defendant incorporates by reference the affirmative defenses of the any other party or future party to be added herein.

34.     Defendant is entitled to an offset against any liability for the greater of: (a) any amounts actually paid by any person heretofore or hereafter for any of the costs and damages alleged in the Complaint; or (b) the equitable share of the liability of any person or entity that heretofore has received or hereafter receives a release from liability or

covenant not to sue with respect to any of the costs or damages alleged in the Complaint.

35.     Hess did not control safety decisions and policies in effect at the HOVIC refinery dealing with catalyst, asbestos, silica or other dusts.

36.     Hess Corporation is a Delaware corporation not doing business in the Virgin Islands and not supplying any products for alleged use by Plaintiff at the HOVIC refinery.

37.     Plaintiff may have failed to mitigate his damages as required by law.

38.     To the extent Plaintiff has mitigated his damages from collateral sources, any payments from collateral sources are claimed as a set off against any judgment the Plaintiff may recover against this Defendant.

39.     Plaintiff is not entitled to pre-judgment interest as a matter of law.

40.     Any damages for future loss, which are denied, must be reduced to present value.

41.     Defendant reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, or third-party complaints as may be appropriate after completion of discovery.

WHEREFORE, Defendant Hess demands judgment against Plaintiff dismissing the Amended Complaint, together with costs, attorney's fees and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**Wilson Elser Moskowitz
Edelman and Dicker LLP**
*Attorneys for Defendant Hess*
200 Campus Drive
Florham Park, NJ 07932
Tel: (973) 624-0800 / Fax: (973) 624-0808

DATED: April 8, 2021                    s/ Carolyn F. O'Connor
                                        Carolyn F. O'Connor, Esq.
                                        carolyn.oconnor@wilsonelser.com

VI Bar R2100

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this April 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of electronic filing (NEF) to all parties through their counsel of record.

s/ Carolyn F. O'Connor_____
